UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

JOSE LUIS ALVAREZ TORRES,

    Plaintiff,

v.                                Case No. 21-1002

SHOGUN SUSHI HIBACHI INC.,

    Defendant.

---

## COMPLAINT UNDER THE FLSA

---

Plaintiff Jose Luis Alvarez Torres files this Complaint against Defendant Shogun Sushi Hibachi Inc. under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for failure to pay overtime compensation.

### I. JURISDICTION

1.  This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

### II. FACTS

2.  Plaintiff Jose Luis Alvarez Torres ("Plaintiff" or "Mr. Alvarez") is an adult resident of Dyersburg, Tennessee. Plaintiff has been employed by and worked for Defendant as sushi chef, hibachi chef, dishwasher from approximately March 22, 2017 until January 2, 2021. At all relevant times, Mr. Alvarez was qualified as an employee under the FLSA, 29 U.S.C. § 203(e)(1).

3.  Defendant Shogun Sushi Hibachi Inc. ("Shogun") is a for-profit corporation formed and organized under Tennessee state law and currently conducting business as a

restaurant at 2730 Mall Loop Rd., Dyersburg, TN 38024.

4. At all relevant times herein, Defendant Shogun was an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. Defendant Shogun is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

6. Defendant Shogun is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.  Specifically, Shogun is a Japanese sushi and hibachi restaurant and has annual sales of not less than $500,000.

7. Defendant hired Plaintiff to work as a sushi chef cook at Shogun, located at 2730 Mall Loop Rd., Dyersburg, TN 38024, during the applicable statutory period.

8. From March 22, 2017 until September 17, 2017, Defendant paid Plaintiff $2,600 per month.  From September 17, 2017 until March 2018, Defendant paid Plaintiff $2,700 per month.  From March 2018 through September 2018, Defendant paid Plaintiff $2,800 per month. From September 2018 until March 2019, Defendant paid Plaintiff $2,900 per month, and from March 2019 until the end of his empoyment Defendant paid Plaintiff $3,000 per month.

9. Defendant paid Plaintiff in cash once per month.  If Plaintiff took a day off or the

restaurant was closed, Defendant would dock Plaintiff $100-115 per day. If he left early, Defendant would reduce Plaintiff's pay by $10/hour.

10. On the other hand, Plaintiff regularly worked 12-14 hours per day or 72-84 hours per week. For those hours worked in excess of forty (40) per week, Defendant did not pay Plaintiff at a rate of one and a half times his hourly rate.

11. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

12. Defendant failed to compensate Plaintiff at his applicable overtime rate and instead paid him as a salaried employee.

13. The exact amounts of unpaid overtime compensation owed to Plaintiff are not presently known but will be determined through discovery. At this juncture, Plaintiff estimates that he was deprived of overtime compensation during the applicable statutory period in the amount of approximately $34,000.00.

14. As a result of its actions and the conduct described above, Defendant has violated the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically § 207(a)(1). Thus, Plaintiff suffered a loss of wages.

15. Further, by failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

16. Thus, the foregoing conduct on the part of Defendant constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew or showed

reckless disregard for the fact that its compensation practices were in violation of federal law.

### III. COUNT I

**FEDERAL OVERTIME VIOLATIONS**
**(Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)**

17.     Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

18.     The FLSA requries covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a work week.  29 U.S.C. § 207.

19.     During the applicable statutory period, Defendant failed to pay Plaintiff for all overtime hours and at the proper overtime rate as required by the FLSA.

20.     Defendant has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff.

21.     Defendant's willful failure and refusal to pay Plaintiff's overtime wages for time worked violates the FLSA.  29 U.S.C. § 207.

22.     As a direct and proximate result of these unlawful practices, Plaintiff suffered wage loss and is therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of his claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

### IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff in this action demands:

23.     Judgment against Defendant for an amount equal to unpaid back wages at the applicable overtime rates;

24.     Judgment against Defendant that its violations of the FLSA were willful;

25. An equal amount to the overtime damages as liquidated damages;

26. All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

27. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

28. Leave to amend to add other defendants who meet the definition of Plaintiff's "employer," 29 U.S.C. § 203(d);

29. An order requiring Defendant to preserve all electronically stored information relevant to this lawsuit; and

30. For all such further relief as the Court deems just and equitable

Respectfully submitted,

/s/Bryce W. Ashby
William B. Ryan – TN Bar #20269
Bryce W. Ashby – TN Bar #26179
Janelle C. Osowski – TN Bar #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
bryce@donatilaw.com

ATTORNEYS FOR PLAINTIFF